DOWNEY, Judge,
dissenting:
Appellee, Tom Keel, was arrested April 24, 1980. Thereafter, an information was filed but it was dismissed as being vague and indefinite and Keel was released on June 2,1980. The same day a new information was filed. When Keel failed to appear for arraignment a no-bond capias was issued. In July an investigator for the state attorney’s office attempted to locate Keel at his mother's home, the address listed on Keel’s booking slip. Keel’s mother advised that she was under the impression the charges had been dismissed. In any event, she stated that Keel told her he would be back around Christmas and she thought he was somewhere in Georgia with his grandfather. Finally, in April 1981, Keel was arrested on the pending charge.
On May 22, 1981, Keel moved for discharge on the grounds that 180 days had elapsed since his initial arrest. At the hearing thereon the State opposed Keel’s discharge and submitted as evidence of Keel’s unavailability for trial a report of the state attorney’s investigator tending to show Keel had removed himself from the jurisdiction. However, the trial judge granted the motion for discharge without the adduction of any evidence by Keel, and the State perfected this appeal.
In my judgment the decision in this case does not turn on Keel’s failure to appear at arraignment on the new information or on the adequacy of the State’s attempt to locate him. Rather, it is controlled by whether Keel had been continuously available for trial under the speedy trial rule in effect at that time.
Florida Rule of Criminal Procedure 3.191(e) (1979) is the applicable rule. It provides, in pertinent part:
(e) Availability for Trial. The trial of an accused who is not available shall be held in abeyance while such person is unavailable. A person who has not been continuously available for trial during the term provided for herein is not entitled to be discharged; no presumption of nonavailability attaches, but if the State objects to discharge and presents any evidence tending to show non-availability, the accused then must by competent proof establish continuous availability during the term.
If an accused voluntarily removes himself from the jurisdiction of the court, or otherwise acts to make himself unavailable for trial, the right to trial within the time herein provided shall on motion by the State be voidable by the court in the interests of justice. Upon such accused becoming available for trial and upon notice thereof by the accused or his counsel *967 to both the court having jurisdiction over the trial and to the office of the prosecutor, or upon being retaken into custody, the time within which trial is to commence shall be as herein provided and begin anew.
By its terms the rule provides that if the Staté objects to the discharge of a defendant and presents any evidence tending to show non-availability the burden of proof shifts to the defendant to show continuous availability. It appears to me this rule was violated here because the State presented evidence tending to show that Keel had removed himself from the jurisdiction. The trial court should therefore have required Keel to go forward with proof of availability rather than summarily grant the motion for discharge.
For these reasons I am unable to agree with the majority decision to affirm.